### DE ANGELIS v. CITY OF NEW ROCHELLE.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

MUNICIPAL CORPORATIONS (§ 220*)—EMPLOYÉS—COMPENSATION.

The power conferred on the common council of the city of New Rochelle by Laws 1907, c. 661, providing that the "common council shall prescribe the salaries and wages" of the employés appointed under the act is not a continuing power, but, when once exercised, is exhausted; and, though an employé's salary has been fixed for a particular year, a resolution providing for an increase of pay is unauthorized, the designation of the year being surplusage.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Woodward and Gaynor, JJ., dissenting.

Submission of controversy, under Code Civ. Proc. §§ 1279–1281, between Gennaro De Angelis and the City of New Rochelle. Judgment for defendant.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Samuel F. Swinburne, for plaintiff.
Michael J. Tierney, for defendant.

BURR, J. By chapter 661, p. 1521, of the Laws of 1907, the mayor of the city of New Rochelle was authorized, subject to the affirmative vote of at least one-half of the number of aldermen in office, to appoint three citizens who should constitute the board of public works of said city. Thereafter such board was duly appointed and qualified. The board was given power to appoint various employés enumerated in said act, and among them "one draughtsman." It was further provided that the "common council shall prescribe salaries and wages under this act." On the 5th day of October, 1907, the plaintiff was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appointed to the position of draughtsman. Prior thereto, and on the 3d day of September, the common council adopted a resolution:

"That the salaries of the following employés of the board of public works be fixed for the year of 1907, as follows: * * * Draughtsman, $100 per month."

On October 15th, at a meeting of the common council, the clerk read a communication from the plaintiff requesting an increase of salary, and a resolution was thereafter adopted in the following form:

"Resolved, that the salary of the draughtsman of the board of public works be fixed at $1,500 per annum."

These are the only resolutions adopted by the common council on the subject. From November 1, 1907, to and including August, 1908, plaintiff has been paid at the rate of $100 per month. He claims that he was entitled to receive $125 per month, and accepted the smaller sum without prejudice to his claim. Under the provisions of the Code, this controversy is submitted, and the question is as to the validity of such claim.

The power to fix salaries, delegated by the Legislature to the common council, was not a continuing power, but, when once exercised, was exhausted. Cox v. Mayor, 103 N. Y. 519, 9 N. E. 48; People ex rel. Williams v. Haines, 49 N. Y. 587, 593; Smith v. Mayor, 1 Hun, 56. As was said in the Cox Case:

"It was not a power which, to promote the public good or to carry out a definite public policy, was required to be continuously possessed or repeatedly exercised. The language of the statute seems to have been carefully selected, and if it had been intended to lodge a power in the common council, liable from continuous importunities of office holders to be abused, we might expect to find the intent expressed in more appropriate and unmistakable phraseology. It is a delegated power, which should not be extended by construction, implication, or doubtful inference."

For an example of an act conferring continuous power, see Laws 1892, p. 908, c. 446.

The plaintiff contends that the resolution of September 3d only assumed to fix the salary for the year 1907, and that at least after January 1, 1908, he was entitled to the increased pay. If the argument proves anything, it proves too much; for there has been no fixing of the salary specifically for the year 1908. The resolution of October 15th could not be given that effect; for the official year of the city of New Rochelle begins on the 1st day of January (Laws 1899, p. 155, c. 128, § 5), and at the first meeting of each official year the common council is reorganized (Id. § 50). The common council of 1907 could not act for its successor. But we think that the words "for the year 1907," in the resolution of September 3d, may be regarded as surplusage. The common council had no power to fix the salary for any particular year, but once for all.

There must be judgment for the defendant, but, under the stipulation, without costs.

JENKS and MILLER, JJ., concur. WOODWARD and GAYNOR, JJ., dissent.